IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CHRISTOPHER SCOTT, | : | HABEAS CORPUS |
| Petitioner, | : | 28 U.S.C. § 2254 |
| | : | |
| v. | : | |
| | : | |
| THOMAS E. BROWN, | : | CIVIL ACTION NO. |
| KEITH MCBRAYER, | : | 1:11-CV-0618-TWT-JFK |
| Respondents. | : | |

**MAGISTRATE JUDGE'S ORDER AND
FINAL REPORT AND RECOMMENDATION**

Petitioner, Christopher Scott, challenges via 28 U.S.C. § 2254 the constitutionality of his 2008 Henry County convictions. (Doc. No. 1). Petitioner seeks to proceed in forma pauperis. (Doc. No. 2). For the purpose of preliminary review, it is **ORDERED** that Petitioner is **GRANTED** in forma pauperis status, and the matter is now before this Court for consideration of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases ("Rule 4").

**I.      Rule 4**

Rule 4 requires this Court to order summary dismissal of a petition for habeas corpus "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Federal district courts have the authority under Rule 4 to prescreen and dismiss a habeas petition prior to any answer

or other pleading by the state when the petition "appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994); see also Day v. McDonough, 547 U.S. 198, 209-10 (2006) ("hold[ing] that district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition[,]" but noting that "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions").[1]

## II. Discussion

In his petition, filed on February 23, 2011,[2] Petitioner contests his November 18, 2008, Henry County convictions for drug possession and giving false information to a police officer, for which he received a five-year probated sentence. (Doc. No. 1 at 1). Petitioner states that he did not pursue a direct appeal and has not previously pursued other review of his convictions. (Id. at 2). Although the form petition advises the petitioner regarding the federal one-year limitations period and requires the

---

[1] This Report and Recommendation constitutes fair notice to Petitioner that his petition is deemed untimely. As indicated in the attached Service Order, Petitioner will have the opportunity to present his objections to this finding, and the District Court will review any such objections de novo. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

[2] The petition is deemed "filed" on the day that Petitioner executed it. See Houston v. Lack, 487 U.S. 266, 270-76 (1988); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).

petitioner to address the timeliness of his or her petition, Petitioner left that section blank. (Id. at 8).

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year statute of limitations applies to a habeas corpus action attacking an underlying state conviction. Section 2244 of Title 28 states:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

> judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In addition to the tolling provision in § 2244(d)(2), the one-year statute of limitations is subject to equitable tolling when "extraordinary circumstances that are both beyond [the petitioner's] control and unavoidable even with diligence" have prevented "an otherwise diligent petitioner from timely filing his petition." Wade v. Battle, 379 F.3d 1254, 1264-65 (11th Cir. 2004). Lastly, actual innocence may provide a limited exception to AEDPA's time limitations. See Johnson v. Fla. Dep't Of Corr., 513 F.3d 1328, 1333-36 (11th Cir. 2008) (finding in § 2254 case that the petitioner had not shown actual innocence, thus finding it unnecessary to decide the "difficult constitutional question" of whether there is an actual innocence exception to the federal limitations period in § 2254 actions). To show actual innocence, a petitioner must, "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence[,]" demonstrate that "it is more likely than not that no reasonable juror would have convicted him . . . ." Schlup v. Delo, 513 U.S. 298, 324, 327-28 (1995).

There is no suggestion in the record before the Court that the provisions of subsections 2244(d)(1)(B)-(D) apply. Generally, when § 2244(d)(1)(B)-(D) do not

4

apply, the limitations period begins to run, under § 2244(d)(1)(A), from the date when the petitioner's convictions became final. Because Petitioner did not file a direct appeal, his conviction became final on December 18, 2008, upon expiration of the thirty-day time period for seeking appellate review of his conviction. See O.C.G.A. § 5-6-38. The limitations period then expired, for Petitioner, on December 18, 2009. The petition states that Petitioner has not sought state collateral review, and he is, thus, not entitled to statutory tolling. Further, a review of Petitioner's pleadings reveals nothing that entitles him to additional time due to equitable tolling or the actual innocence exception. It is recommended that this petition be dismissed as untimely because Petitioner filed it in February 2011, more than one year after the federal limitations period expired at the end of 2009.

### III. **Certificate of Appealability ("COA")**

Pursuant to Rule 11 of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) of Title 28 states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A

5

substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (internal quotations omitted). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Jimenez v. Quarterman, 555 U.S. 113, _, 129 S. Ct. 681, 684 n.3 (2009) (quotations omitted, citing Slack, 529 U.S. at 484) (emphasis in original).

The undersigned recommends that a COA should be denied because, based on the record before the Court, the decisive procedural issue, untimeliness, is not debatable. If the Court adopts this recommendation and denies a COA, Petitioner is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing § 2254 Cases in the United States District Courts.

6

IV. **Conclusion**

**IT IS ORDERED** that Petitioner is **GRANTED** in forma pauperis status.

**IT IS RECOMMENDED** that this action be **DISMISSED** pursuant to Rule 4.

**IT IS FURTHER RECOMMENDED** that a COA be **DENIED**.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**IT IS SO ORDERED and RECOMMENDED** this 11th day of March, 2011.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE